1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10  THEODORE C. SNURE,                        )
                                                )
11              Petitioner,                      )        3:11-cv-00344-ECR-RAM
                                                )
12  vs.                                          )        **ORDER**
                                                )
13  WARDEN, *et al.*,                           )
                                                )
14              Respondents.                      )
    _____/
15

16          This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254,

17  by a Nevada state prisoner.  By order filed May 16, 2011, the Court directed a response to the

18  petition.  (ECF No. 3).  Respondents filed a motion to dismiss on June 29, 2011, which is pending

19  before the Court.  (ECF No. 6).

20          On July 14, 2011, petitioner filed a motion for an enlargement of time in which to file a

21  motion for the appointment of counsel, and also filed a motion for the appointment of counsel.  (ECF

22  Nos. 11 & 12).

23          Regarding the motion for counsel, there is no constitutional right to appointed counsel for a

24  federal habeas corpus proceeding.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v.*

25  *Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).  The decision to appoint counsel is generally

26  discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023

1  (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).

2  However, counsel must be appointed if the complexities of the case are such that denial of counsel

3  would amount to a denial of due process, and where the petitioner is a person of such limited

4  education as to be incapable of fairly presenting his claims.  *See Chaney*, 801 F.2d at 1196; *see also*

5  *Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).  The petition on file in this action is well-written

6  and sufficiently clear in presenting the issues that petitioner wishes to bring.  The issues in this case

7  are not complex.  It does not appear that counsel is not justified in this instance.  The motion for

8  appointment of counsel is denied.  Moreover, the motion for an extension of time to file the motion

9  for counsel is denied as moot.  The Court will, however, grant petitioner an extension of time to file

10  a response to the pending motion to dismiss, as set forth at the conclusion of this order.

11       **IT IS THEREFORE ORDERED** that petitioner's motion for the appointment of counsel

12  (ECF No. 11) is **DENIED**.

13       **IT IS FURTHER ORDERED** that petitioner's motion for an extension of time to file a

14  motion for the appointment of counsel (ECF No. 12) is **DENIED AS MOOT.**

15       **IT IS FURTHER ORDERED** that petitioner is granted **thirty (30) days** from the date of

16  entry of this order in which to file a response to the pending motion to dismiss the petition.

17       Dated this 15th  day of July, 2011.

18             *Edward C. Reed.*

19             UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26