UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THEODORE C. SNURE, | |
| Petitioner, | 3:11-cv-00344-ECR-RAM |
| vs. | **ORDER** |
| WARDEN, *et al.*, | |
| Respondents. | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss. (ECF No. 6).

**I. Procedural History**

On April 5, 2006, petitioner was convicted, pursuant to a guilty plea, of sexual assault on a child. (Exhibit 9).[1] Petitioner was sentenced to life in prison with the possibility of parole after 20 years. (*Id.*).

Petitioner filed a direct appeal. (Exhibit 10). Petitioner voluntarily dismissed the appeal, and the Nevada Supreme Court entered an order of dismissal on October 16, 2006. (Exhibit 16A).

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 7-8.

1   On September 13, 2006, petitioner, acting in pro per, filed a post-conviction habeas petition
2   in the state district court. (Exhibit 13). Counsel was appointed for petitioner to litigate his post-
3   conviction habeas petition. (Exhibit 20). Counsel for petitioner filed a supplemental petition on
4   December 21, 2006. (Exhibit 23). On March 1, 2007, the state district court entered an order,
5   denying the petition in part and granting an evidentiary hearing on the remaining grounds. (Exhibit
6   30). An evidentiary hearing was held on December 15, 2009. (Exhibit 47). On January 28, 2010,
7   the state district court filed written findings of fact, conclusions of law, and judgment, denying the
8   petition. (Exhibit 50).

9   Petitioner appealed from the denial of his post-conviction habeas petition. (Exhibit 51). On
10  March 16, 2010, counsel filed petitioner's opening brief on appeal. (Exhibit 57). On September 10,
11  2010, the Nevada Supreme Court entered an order affirming the denial of the state habeas petition.
12  (Exhibit 61). Remittitur issued on October 6, 2010. (Exhibit 62).

13  Petitioner submitted his federal habeas petition to this Court, bearing a signature and date of
14  May 11, 2011. (ECF No. 4, at p. 21). The petition contains nine grounds for relief. (ECF No. 4).
15  Respondents have moved to dismiss the petition. (ECF No. 6). Petitioner filed a response to the
16  motion. (ECF No. 14). Respondents have filed a reply. (ECF No. 15).

17  **II. Discussion**

18  **A. Unexhausted Grounds 1, 3, and 5**

19  Respondents argue that Grounds 1, 3, 5, and 9 of the federal habeas petition are unexhausted.
20  A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has
21  exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28
22  U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his
23  claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S.
24  838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains
25  unexhausted until the petitioner has given the highest available state court the opportunity to
26

1 consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,*
2 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

3       A habeas petitioner must "present the state courts with the same claim he urges upon the
4 federal court." *Picard v. Connor,* 404 U.S. 270, 276 (1971). The federal constitutional implications
5 of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.
6 *Ybarra v. Sumner,* 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard,* 404 U.S. at 276)). To
7 achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims
8 under the United States Constitution" and given the opportunity to correct alleged violations of the
9 prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d
10 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear
11 instruction to potential litigants: before you bring any claims to federal court, be sure that you first
12 have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose*
13 *v. Lundy,* 455 U.S. 509, 520 (1982)).

14       A claim is not exhausted unless the petitioner has presented to the state court the same
15 operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California*
16 *Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met
17 when the petitioner presents to the federal court facts or evidence which place the claim in a
18 significantly different posture than it was in the state courts, or where different facts are presented at
19 the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir.
20 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F.
21 Supp. 455, 458 (D. Nev. 1984).

22       In the instant case, respondents assert that petitioner has not exhausted Grounds 1, 3, 5, and 9
23 of the federal habeas petition. Since his conviction, petitioner has only presented two claims to the
24 Nevada Supreme Court: (1) that counsel was ineffective for failing to investigate the possible
25 defenses that the victim lied or that petitioner accidentally digitally penetrated the victim when
26

3

wiping her after she used the bathroom; and (2) that counsel was ineffective for failing to file a motion to suppress petitioner's statements to police. (Exhibit 57, Appellant's Opening Brief, at pp. 6-18). Grounds 1, 3, and 5 of the federal habeas petition do not present any of the claims presented to the Nevada Supreme Court. Grounds 1, 3, and 5 of the federal habeas petition are unexhausted.[2]

### B. Failure to State a Claim: Grounds 2, 4, 6, and 8

Respondents argue that Grounds 2, 4, 6, and 8 of the federal habeas petition fail to present any argument. In Grounds 2, 6, and 8 of the petition, petitioner claims that his right to the effective assistance of counsel was violated, but he alleges no facts. In Ground 2, petitioner alleges only this statement: "I agree with the state on this issue. I will concede this issue." (ECF No. 4, at p. 5). In Ground 6, petitioner alleges only: "I agree with the state on this issue. I will concede this ground." (ECF No. 4, at p. 13). In Ground 8, petitioner alleges only: "I will concede this issue." (ECF No. 4, at p. 17). Further, in Ground 4, petitioner simply alleges: "This ground ties in with Ground 3." (ECF No. 4, at p. 9). Grounds 2, 4, 6, and 8 are dismissed with prejudice, as they are wholly conclusory and contain no argument. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005).

### C. Ground 9

In Ground 9 of the federal habeas petition, petitioner argues that his Fifth and Fourteenth Amendment rights to the effective assistance of post-conviction counsel were violated because counsel filed a motion to reconsider and withdrew certain grounds from his state habeas petition. (ECF No. 4, at p. 19). There is no constitutional right to state post-conviction counsel, and therefore, petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. *Holland v. Florida*, 130 S.Ct. 2549, 2566 (2010). Moreover, the AEDPA expressly excludes claims of ineffective assistance of post-conviction counsel from available forms of habeas relief. 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-

---

[2] As discussed later in this order, Ground 9 is dismissed with prejudice for failure to state a claim for federal habeas relief.

conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254"). Ground 9 fails to state a claim for federal habeas relief and is therefore dismissed with prejudice.

### III. Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court dismisses with prejudice Grounds 2, 4, 6, 8, and 9 for failure to state a cognizable claim for federal habeas relief. The Court finds that Grounds 1, 3, and 5 of the federal habeas petition are unexhausted. Ground 7 is the only ground of the petition that states a cognizable claim and that is exhausted. Because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claim;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

/ / / / / / / / /

## IV. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 6) is **GRANTED** as follows:

1. Grounds 2, 4, 6, 8, and 9 are **DISMISSED WITH PREJUDICE** for failure to state a cognizable claim for federal habeas relief.

2. Grounds 1, 3, and 5 of the federal habeas petition are **UNEXHAUSTED.**

3. Ground 7 is the only ground of the petition that states a cognizable federal habeas claim and that is also exhausted.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted ground; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated this __13__ day of December, 2011.

_Edward C. Reed._
UNITED STATES DISTRICT JUDGE