UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THEODORE C. SNURE, | ) |
|       Petitioner, | )    3:11-cv-00344-ECR-WGC |
| vs. | )    **ORDER** |
| WARDEN, *et al.*, | ) |
|       Respondents. | ) |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. On December 14, 2011, this Court granted respondents' motion to dismiss, in part, finding that Grounds 1, 3, and 5 are unexhausted. (ECF No. 18). The Court gave petitioner the option of abandoning his unexhausted claims and proceeding on his exhausted claims, or in the alternative, to seek a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). (ECF No. 18). Before the Court are petitioner's motion for issuance of a stay and abeyance order under *Rhines v. Weber* (ECF No. 19), respondents' opposition (ECF No. 20), and petitioner's reply (ECF No. 21).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to

> the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). This Court has declined to prescribe the strictest possible standard for issuance of a stay. "[I]t would appear that good cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). In *Riner*, this Court held:

> [T]he good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of the case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Riner v. Crawford*, 415 F. Supp. 2d at 1211.

In the instant case, this Court finds that petitioner has demonstrated good cause under *Rhines* for the failure to exhaust Grounds 1, 3, and 5 of his federal habeas petition. Further, the grounds are not "plainly meritless" under the second prong of the *Rhines* test. Finally, there is no indication that petitioner engaged in dilatory litigation tactics. This Court concludes that petitioner has satisfied the

2

1  criteria for a stay under *Rhines*. Additionally, as a condition of the stay, petitioner shall exhaust <u>all</u>
2  of his unexhausted claims in state court during the stay of this action. *See Slack v. McDaniel*, 529
3  U.S. 473, 489 (2000). The Court will not allow petitioner to return again to state court for
4  exhaustion purposes. When petitioner returns to this Court to lift the stay, he shall present only
5  exhausted claims. If petitioner returns with a mixed petition, he will have the opportunity to
6  abandon the unexhausted claims and proceed with exhausted claims only.

7  **IT IS THEREFORE ORDERED** that petitioner's motion for issuance of stay and abeyance
8  (ECF No. 19) is **GRANTED.**

9  **IT IS FURTHER ORDERED** that this action is **STAYED** pending exhaustion of the
10  unexhausted claims. Petitioner may move to reopen the matter following exhaustion of the claims.

11  **IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner filing a
12  state post-conviction petition or other appropriate proceeding in state court within **forty-five (45)**
13  **days** from the entry of this order and returning to federal court with a motion to reopen within **forty-**
14  **five (45) days** of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the
15  state court proceedings.

16  **IT IS FURTHER ORDERED** that as a condition of the stay, petitioner shall exhaust <u>all</u> of
17  his unexhausted claims in state court during the stay of this action.

18  **IT IS FURTHER ORDERED** that the Clerk shall **ADMINISTRATIVELY CLOSE this**
19  **action, until such time as the Court grants a motion to reopen the matter.**

20          Dated this 16th day of March, 2012.

21                                          *Edward C. Reed*
22                                          UNITED STATES DISTRICT JUDGE