UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| THEODORE C. SNURE, | ) | |
| Petitioner, | ) | 3:11-cv-00344-ECR-WGC |
| vs. | ) | **ORDER** |
| WARDEN, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. On December 14, 2011, this Court granted respondents' motion to dismiss, in part, finding that Grounds 1, 3, and 5 are unexhausted. (ECF No. 18). The Court gave petitioner the option of abandoning his unexhausted claims and proceeding on his exhausted claims, or in the alternative, to seek a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). (ECF No. 18). Petitioner filed a motion for issuance of a stay and abeyance order under *Rhines v. Weber* (ECF No. 19). On March 16, 2012, this Court granted petitioner's motion for a stay. (ECF No. 22). On March 22, 2012, respondents filed a motion for reconsideration of the Court's order, citing Federal Rule of Civil Procedure 60(b). (ECF No. 23).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).

Respondents argue that in granting the stay, this Court applied the standard from *Riner v. Crawford*, 415 F. Supp.2d 1207, 1210 (D. Nev. 2006) and failed to address the case of *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). Respondents urge that petitioners' allegations were so meager that they failed to satisfy the standard for granting a stay. (ECF No. 23).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for

his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Even under the analysis used in *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008), a stay in this action is appropriate. This Court affirms its findings: (1) that petitioner has demonstrated "good cause" under *Rhines* for the failure to exhaust Grounds 1, 3, and 5 of his federal habeas petition; (2) the grounds are not "plainly meritless" under the second prong of the *Rhines* test, and (3) there is no indication that petitioner engaged in dilatory litigation tactics. This Court concludes that petitioner has satisfied the criteria for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). Additionally, the Court ordered in its March 16, 2012 order, that, as a condition of the stay, petitioner shall exhaust <u>all</u> of his unexhausted claims in state court during the stay of this action, and that the Court would not allow petitioner to return again to state court for exhaustion purposes. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000). This Court declines to grant respondents' motion for reconsideration. All provisions of the Court's order of March 16, 2011, remain in effect.

**IT IS THEREFORE ORDERED** that respondents' motion for reconsideration (ECF No. 23) is **DENIED.**

**IT IS FURTHER ORDERED** that all provisions regarding the stay, as specified in the Court's order of March 16, 2012 (ECF No. 22) **SHALL REMAIN IN EFFECT**.

Dated this 9th day of April, 2012.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE