# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THEODORE C. SNURE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>Respondents. | Case No. 3:11-cv-00344-MMD-WGC<br><br>ORDER |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Theodore C. Snure, a Nevada prisoner. On February 24, 2015, respondents filed a motion to dismiss certain claims in Snure's petition, arguing that the claims are procedurally defaulted. (Dkt. no. 29.) Snure filed an opposition to the motion (dkt. no. 32), in response to which respondents filed a reply (dkt. no. 33). Having considered the motion, the Court decides as follows.

**I.     PROCEDURAL BACKGROUND**[1]

On April 5, 2006, Snure was convicted of sexual assault on a child, after entering a guilty plea in the Second Judicial District Court in Washoe County, Nevada. The court sentenced Snure to life in the Nevada State Prison with the possibility of parole after 20 years.

Snure filed a direct appeal, but voluntarily dismissed it on October 16, 2006.

---

[1] Except where indicated, this procedural background is derived from the exhibits provided by the respondents at docket nos. 7, 8 and 30.

Prior to that dismissal, Snure filed, on September 13, 2006, a proper person petition for writ of habeas corpus in the state district court. After appointment of counsel, Snure filed a supplemental petition on December 21, 2006.

On March 1, 2007, the state district court denied some of the grounds in Snure's petition and granted an evidentiary hearing with respect to the remaining grounds. After an evidentiary hearing, the court denied the remaining grounds. Snure appealed. On September 10, 2010, the Nevada Supreme Court affirmed the state district court's denial of Snure's petition.

On May 13, 2011, this Court received Snure's federal petition for a writ of habeas corpus containing nine claims. (Dkt. no. 4.) Pursuant to respondents' initial motion to dismiss (dkt. no. 6), this Court dismissed Grounds 2, 4, 6, 8 and 9 with prejudice because each of those claims failed to state a cognizable claim for federal habeas relief. (Dkt. no. 18.) The Court further concluded that Grounds 1, 3 and 5 were unexhausted. (*Id.*)

On March 16, 2012, this Court granted Snure a stay to allow him to exhaust state court remedies for his unexhausted claims. (Dkt. no. 22.) On May 4, 2012, Snure filed a second petition for a writ of habeas corpus in state district court raising his unexhausted claims. The petition was dismissed as procedurally defaulted. Snure appealed. The Nevada Supreme Court affirmed the lower court's decision.

On January 20, 2015, this Court granted Snure's motion to reopen his federal habeas proceedings. (Dkt. no. 28.) On February 24, 2015, respondents filed the motion to dismiss that is now before the Court for decision.

**II.**   PROCEDURAL DEFAULT DOCTRINE

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the United States Supreme Court held that a state prisoner's failure to comply with the state's procedural requirements in presenting his claims to the state court is barred from obtaining a writ of habeas corpus in federal court if the procedural bar imposed by the state court was independent of the federal question and adequate to support the judgment. *Coleman*,

501 U.S. at 729. Where such a procedural default constitutes an adequate and independent state ground for the denial of habeas corpus relief, the default may be excused only "if a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)); *see also King v. Lamarque*, 464 F.3d 963, 966–67 (9th Cir. 2006). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000); *see also Coleman*, 501 U.S. at 735 (holding that there is no independent state ground for a state court's application of procedural bar when the court's reasoning rests primarily on federal law or is interwoven with federal law).

**III.  DISCUSSION**

Respondents argue that Grounds 1 3, and 5 are procedurally defaulted. In affirming the state district court's dismissal of Snure's second application for state post-conviction relief, the Nevada Supreme Court cited to the timeliness bar under NRS § 34.726(1) and the successive petition bar under NRS §34.810(2). (Dkt. no. 30-13 at 2-3.) The state supreme court further determined that Snure could not show good cause and actual prejudice for the purposes of excusing the procedural defaults. (*Id.* at 3-4.)

The Ninth Circuit has held that the Nevada Supreme Court's application of the timeliness rule in NRS § 34.726(1) is an independent and adequate state law ground for procedural default. *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996); *see Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002). The Ninth Circuit also has held

that, at least in non-capital cases, application of the abuse of the writ rule of NRS § 34.810(2) is an independent and adequate state ground for procedural default. *Vang*, 329 F.3d at 1074; *Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999).

In this case, this Court finds that the Nevada Supreme Court's application of the procedural bars of NRS § 34.726(1) and NRS § 34.810(2) were independent and adequate grounds for the state court's dismissal of petitioner's claims. In opposing respondents' motion to dismiss, Snure offers no basis upon which to find cause and prejudice to excuse the procedural bar, or that failure to consider any of the defaulted claims will result in a fundamental miscarriage of justice. Thus, Grounds 1, 3 and 5 of the petition are procedurally barred from federal review and must be dismissed with prejudice.

It is therefore ordered that respondents' motion to dismiss (dkt. no. 29) is granted. Grounds 1, 3 and 5 are dismissed for the reasons set forth above.

It is further ordered that the respondents shall have forty-five (45) days from the date on which this order is entered to answer the remaining claim in the petition. To the extent they have not done so already, respondents shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED THIS 3rd day of June 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE